PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. CONCEPCIÓN SANTIAGO and FÉLIX FELICIANO, Defendants and Apellants.

No. 2800.   Argued June 18, 1926.—Decided July 15, 1926.

*Adolfo García Veve* for the appellants.   *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case was as follows:

"I, Félicot García, I. P. Guardsman No. 395, resident of Fajardo, P. R., No._____ Río St., of age, file a complaint against Concep-

ción Santiago and Félix Feliciano for a violation of section 137 of the Penal Code, committed as follows: That at 1.30 p. m. on Nov. 30, 1925, at the place called Maternillo, of Fajardo Playa, within the Municipal Judicial District of Fajardo, P. R., which forms part of the Judicial District of Humacao, P. R., when the undersigned, together with the District Chief of Police and the guardsman Tomás Díaz, were attempting to seize some liquor at the house of the defendants, the latter resisted, delayed and obstructed the action of the said public officers, took hold of the undersigned complainant and threw him to the ground, thus giving the landlady an opportunity to throw away the liquor."

Unless a crime is being committed or unless he is armed with a warrant a policeman has no more right to enter a private dwelling and begin a search than any other citizen would have. So that a complaint that neither describes the commission of a crime nor the execution of a warrant does not set forth the offense of resisting an officer as expressed in section 137 of the Penal Code, as follows:

"Every person who wilfully resists, delays or obstructs any public officer, in the discharge or attempt to discharge any duty of his office, when no other punishment is described, is punishable by fine not exceeding five thousand (5,000) dollars, and imprisonment in jail not exceeding one year."

It does not appear in the complaint that the officers were in the house of the defendants in the discharge of any duty. The mere possession of intoxicating liquors in a private house without more is not a crime. *People* v. *Muñoz, ante,* page 331.

At the trial it transpired that the policemen actually possessed a warrant, but we do not find that they exhibited it or made its existence known to the defendants. So that even if the complaint had been sufficient, we are inclined to think that we should have felt bound to declare the evidence insufficient.

The judgment must be reversed and the defendants discharged.